```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GULF FLEET TIGER                           CIVIL ACTION
ACQUISITION, LLC

VERSUS                                     NO: 10-1440 c/w
                                           10-1802

THOMA-SEA SHIP BUILDERS,                   SECTION: "A" (5)
LLC, ET AL.
```

**ORDER**

Before the Court is a **Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) (Rec. Doc. 27)** filed by Gulf Offshore Logistics, LLC. Plaintiff Gulf Fleet Tiger Acquisition, LLC opposes the motion. The motion, set for hearing on September 1, 2010, is before the Court on the briefs without oral argument.

This dispute arises out of a contract between Plaintiff and Thoma-Sea Ship Builders, LLC for construction of a vessel. Plaintiff alleges that Thoma-Sea breached the contract by failing to complete the vessel as promised for the price agreed. On June 9, 2010, Thoma-Sea chartered the vessel to Gulf Offshore Logistics, LLC, movant herein. On June 23, 2010, Plaintiff filed a second complaint against Thoma-Sea and joined Gulf Offshore as a defendant. Plaintiff asserts claims for breach of contract and unfair trade practices under state law against Thoma-Sea. With respect to Gulf Offshore the complaint states only that "Gulf

Fleet Tiger is also entitled to injunctive relief against Gulf Offshore Logistics, LLC, precluding it from chartering and utilizing the Vessel."[1]  (CA10-1802, Rec. Doc. 1 ¶ 22).

Gulf Offshore moves the Court to dismiss the complaint as to the claims asserted against it.  Gulf Offshore points out that it is not a party to the vessel contract and that a demand for injunctive relief does not state a plausible claim.  Gulf Fleet Tiger rejoins that it has "easily stated a cause of action against [Gulf Offshore] for a permanent injunction."  (Rec. Doc. 34 at 1).  Gulf Fleet Tiger points out that Gulf Offshore is currently in possession of the vessel and utilizing it in its own operations in the Gulf of Mexico.

Gulf Offshore is correct in that the complaint does not state a cause of action against it.  Gulf Offshore was not a party to the vessel contract so the claims for breach of contract and unfair trade practices, which relate solely to Thoma-Sea's conduct, do not pertain to Gulf Offshore.  The counts for breach of contract and unfair trade practices do not even refer to Gulf Offshore, which is perfectly understandable given that Gulf Offshore played no role in disrupting Plaintiff's expectations with respect to the vessel construction contract.  The request

---

[1] Gulf Fleet Tiger previously moved the Court for a preliminary injunction to prevent Thoma-Sea from chartering the vessel to any other party during the pendency of this lawsuit. (CA10-1440, Rec. Doc. 7).  The Court denied that request. (Rec. Doc. 8).

for injunctive relief against Gulf Offshore is just that--a standalone request to enjoin a party against whom no substantive claim is asserted.  Contrary to Gulf Fleet Tiger's assertion, an injunction is not a cause of action.  An injunction, like damages, is but one potential *remedy* to which a party might be entitled if it can prevail on a substantive claim.  Without a substantive claim there can be no injunction.  Gulf Fleet Tiger's complaint does not state a substantive claim against Gulf Offshore upon which the remedy of an injunction can be based.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) (Rec. Doc. 27)** filed by Gulf Offshore Logistics, LLC is **GRANTED**.  The claims against Gulf Offshore are dismissed.

September 13, 2010

     _____
              JAY C. ZAINEY
       UNITED STATES DISTRICT JUDGE